## SUPREME COURT.

### Isaac Feig *et al.* agt. Thomas Wray.

*Costs — against administrators — When personally liable for — Code of Civil Procedure, section 3246.*

Executors and administrators suing in their representative characters, *unnecessarily* in cases where the cause of action (if any) accrues to them in their individual right, and failing to recover, are personally liable to the defendant for costs.

Where the record shows that the cause of action (if any) arose after the death of the testator or intestate. such right of action rests in the executor or administrator in his private right, and he cannot in such case escape the penalty of costs by suing in form in his representative capacity, unnecessarily, if he fails to obtain judgment.

In such case the defendant may enter judgment against the plaintiff for costs without an order of the court permitting him to do so.

*Special Term, January,* 1883.

Lawrence, *J.* — This action was brought by the plaintiff as administrator of the goods and credits of William Brusle, deceased, to recover the value of certain goods which were alleged in the complaint to have belonged to the deceased. The complaint avers that the intestate died on the 4th of September, 1879, and that on the 24th of September, 1879, the plaintiff was appointed the administrator of the estate, and that he duly qualified and entered upon the discharge of his duties as such administrator. It is then alleged that the intestate was the owner at the time of his death of the goods, to recover the value of which this action is brought, and that subsequent to his death, and prior to the appointment of the plaintiff as administrator, the defendant unlawfully took possession of the same, and converted them to his own use. It is also alleged that prior to the commencement of this action after his appointment, the plaintiff, as such administrator, demanded the possession of such goods, &c., from the defendant, who refused to deliver up the same. The cause was

Feig *et al.* agt. Wray.

referred to Mr. Abbott, as referee, who found in favor of the defendant, and that he was entitled to judgment, with costs. Subsequently judgment was entered dismissing the complaint with costs.    The postea is entitled *Isaac Feig* agt. *Thomas Wray,* there being no description of the plaintiff as an administrator in the title.    This motion is made to amend the postea " by adding to the name of the plaintiff, in the title thereof, the words as administrator of the goods, chattels and credits of William T. Brusle, deceased," the object being of course to exempt the plaintiff from the payment of costs individually. The plaintiff's counsel relies upon section 3246 of the Code of Civil Procedure in support of his motion, and of the proposition that it not having been found by the referee that his client has been guilty of bad faith in the prosecution of the action, costs under that section cannot be imposed upon him personally.    To this it is replied, on the part of the defendant, that section 3246 of the Code of Civil Procedure is the same as section 317 of the old Code, and that under the old Code it was frequently held that in a case of this nature the unsuccessful plaintiff, executor or administrator was liable for costs personally, and that, too, without an express order of the court to that effect.    It will be observed by a reference to the complaint that the alleged wrongful taking of the goods occurred after the death of Brusle, and that the conversion became complete when on a subsequent demand by the plaintiff as administrator the defendant refused to deliver possession of the goods.    In *Holdridge* agt. *Scott* (1 *Lansing R.,* 303) it was held that where the record shows that the cause of action (if any) arose after the death of the testator or intestate, such right of action rests in the executor or administrator in his private right, and that he cannot in such case escape the penalty of costs, by suing in form in his representative capacity, unnecessarily, if he fails to obtain judgment.    That case arose under section 317 of the Code of Procedure, and justice LAMONT, in delivering the opinion of the court, which was concurred in by justices DANIELS and MARVIN, reviews

all the cases, and reaches the result above stated. To the same effect is the case of *Fox* agt. *Fox* (5 *Hun*, 53, 54) decided by the general term of the fourth department, opinion per GILBERT, J. The doubt which I entertained on the argument of this motion was chiefly as to the right of the defendant to enter judgment against the plaintiff in this case without an order of the court permitting him to do so. An examination of the authorities conclusively shows that he has such right *(See Bostwick* agt. *Brown,* 15 *Hun,* 308; *Holdridge* agt. *Scott,* 1 *Lansing,* 303; *Lyon* agt. *Marshall,* 11 *Barb.,* 242, *and cases cited, per* EDWARDS, *J., at p.* 248; *Smith* agt. *Petten,* 9 *Abb.* [*N. S.*], 205). This motion will therefore be denied, with costs.